IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-65-FL

| | | |
|---|---|---|
| KENYATTA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KRYSTAL SCHUTT, EMPIRE MOTORS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 7). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. However, plaintiff has purported to file an amended complaint, which is neither signed nor dated. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

1

The magistrate judge recommends dismissal of plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2)(B), on the basis that plaintiff's claim under the Federal Trade Commission Act, 15 U.S.C. § 45(a), must fail for want of a private right of action, and that his claim under the Electronic Communication Privacy Act, 18 U.S.C. § 2520(a), fails because the pertinent communications are squarely within an exception to liability under that statute. The magistrate judge also recommends that the court decline to exercise jurisdiction over any state law claims. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.

Plaintiff's purported amended complaint, meanwhile, is neither signed nor dated, in contravention of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(a). In addition, the amended complaint fails to pass muster under 28 U.S.C. § 1915(e)(2)(B). The amended complaint appears to plead Takings Clause and Fourth Amendment claims against Lance McCormick, and the two existing defendants, which are all private parties. (See generally Am. Compl. (DE 9)). However, 42 U.S.C. § 1983 claims may be pressed only against government actors, except under narrow exceptions not present here. E.g., Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Peltier v. Charter Day Sch., Inc., 37 F.4th 104, 115 (4th Cir. 2022) (en banc). These claims must necessarily fail.

The court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's claims are DISMISSED, as set forth in the M&R and for the reasons given above, pursuant to 28 U.S.C. § 1915(e)(2)(B). The court declines to exercise jurisdiction over plaintiff's state law claims. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2025.

                                                LOUISE W. FLANAGAN
                                                United States District Judge